IN RE:

    **CHRISTOPHER D. WALKER &**             **CASE NO.: 15-20038**
    **CHERYL E. WALKER**                 **CHAPTER  13**
    **DEBTOR(S)**

## CHAPTER 13 PLAN

**This pleading is a Bankruptcy Rule 3015(d) Summary and Notice of a Chapter 13 Repayment filed by the above captioned debtors. The complete plan can be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a Password, register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. The summary of the contents of the plan filed by Debtor(s) is as follows: Debtor(s) PLAN OF REPAYMENT pursuant to 11 USC §1321, §1322, and §1325; PROPOSED ADEQUATE PROTECTION pursuant to 11 USC §361; and Debtor(s)' REQUEST FOR VALUATION OF SECURITY pursuant to 11 USC §506 and Bankruptcy Rule 3012:**

1.      Debtor will pay to the Chapter 13 Trustee the sum of **$2,500.00** per month for a period of **60** months by **PAYROLL DEDUCTION** through debtor's employer **DFAS.** First plan payment is due **2/19/2015.**  The Debtor submits all future income to the supervision and control of the Trustee for the execution of this Plan. The debtors dedicate any future tax refunds received to the supervision and control of the Trustee for the first three (3) years (**2015, 2016 and 2017**) of the plan, excluding earned income.  **TAX PLEDGE.**

2.      **Claims to be paid *DIRECT* by the Debtor or *Other Party*:**  None.

3.      **Claims to be surrendered:**  None.

4.      **Claims to be paid through the plan by Trustee:**

      **Administrative Claims and/or Adequate Protection Payments:**

      a.  **CHAPTER 13 TRUSTEE:**  The trustee shall disburse dividends on administrative claims as soon as funds therefore become available.

      b.  The Trustee shall receive 5% of the monthly house payment and 10% of the remaining monthly Plan payment for administration of the bankruptcy estate of the debtor(s); and

      c.  **DAVID J. KLANN** has an attorney fee balance of **$2,800.00**  (*Standard*) in connection with the filing of the Bankruptcy Petition to be paid in full by the Chapter 13 Trustee as soon as funds are available and at Trustee's discretion. Any tax refunds received by the trustee shall be first used to cure any outstanding attorney's fee balance.

      c.  **ADEQUATE PROTECTION CLAIMS** to be paid by Chapter 13 Trustee: See Paragraph 5.

5.      **Secured Claims to be paid by the Trustee:**

      After payment of the administrative claims, the Trustee shall make payments to the creditors named in this paragraph whose claims are secured by real or movable property unless said property is being surrendered or direct payments are to be made directly to said creditor. Each of the following secured claims, if allowed, shall be paid through the plan, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the secured claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

**ALLY FINANCIAL** is secured with a **AUTOMOBILE: 2011 CHEVROLET CAMARO**.  Creditor shall have a secured claim in the amount of **$15,912.00 @ 5.25**% interest per annum.  As **Adequate Protection**, the Trustee will pay **$150.00** per month concurrently with Administrative Fees.

**BANK FIRST/BB&T** is secured with a **AUTOMOBILE: 2013 CHEVROLET CAMARO**.  Creditor shall have a secured claim in the amount of **$26,666.00 @ 5.25**% interest per annum.  As **Adequate Protection**, the Trustee will pay **$150.00** per month concurrently with Administrative Fees.

6.  **Unsecured Priority or Special Class Claims (not including Attorney/Trustee fees):**
    After secured claims are paid in full, the priority claims listed below will be paid prior to all claims of lower priority indicated below:

    **DEPT OF ED/NELNET** is a **GUARANTEED STUDENT LOAN** debt of which the amount owed is approximately **$13,287.00 @ 4.50%** interest per annum. The Trustee will pay **$13,287.00 @ 4.50%** as a **PRIORITY CLAIM** during the plan.   **This will be paid in full during the 100% plan.**

7.  **General Unsecured Claims:**

    Unless listed above, all other claims: (1) listed on Schedule F as unsecured; (2) listed on Schedule D and E as undersecured; or (3) any general unsecured claim filed before the bar date with no objection filed, will be treated as General Unsecured Claims and will receive a minimum of **100%** of the claims.

8.  **Executory Contracts:**

    None.

9.  **Other Provisions:**

    a.  Title to Debtor(s) property will revest at confirmation.
    b.  Insurance to protect those creditors having secured claims will be provided;
    c.  Pursuant to 11 USC 1325(a)(5)(B), Secured creditors will retain their lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law; or discharge under 1328. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.
    d.  The Confirmation Order shall constitute a judgment avoiding any lien, whether by security or trust deed, mortgage, security agreement, judgment, operation of statue, or otherwise ("lien") to the extent that the lien does not attach to the value in debtor(s) property, as such value is set forth therein or determined by court, prior liens provided for in this plan and shall also avoid any lien to the extent the claim underlying  such lien is not an allowed claim. Plan Confirmation shall void all judgments filed against the debtor(s) & that the holders of said judgments must execute releases of their judgments, which releases be prepared and submitted at the debtors' expense.

**PLAN DATE:**    <u>1/20/2015</u>                              **Respectfully Submitted:**

**/s/DAVID J. KLANN**
**David J. Klann (#23162)**
**Attorney for Debtor(s)**
**607 S. 5th Street**
**Leesville, LA 71446**
**Email: klannatty@klannatty.com**
**Telephone: 337-238-1111**
**Fax: 337-238-2638**